1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

7
8
9
10
11
12
13

CRYSTAL LOVE,

               Plaintiff,

v.

CULLIGAN WATER COMPANY OF
NEVADA, INC., et al.,

               Defendants.

2:10-CV-129 JCM (PAL)

14

**ORDER**

15
16
17
18

       Presently before the court is defendant Culligan Water Company of Nevada, Inc.'s motion to dismiss plaintiff's claims under 42 U.S.C. § 1981. (Doc. #5). Plaintiff Crystal Love filed a notice of voluntary dismissal of her section 1981 and Title VII claims without prejudice (doc. #18), and a notice of voluntary dismissal of her fifth claim with prejudice (doc. #19).

19
20
21

       Also before the court is plaintiff's motion to remand. (Doc. #20). Defendant filed an opposition (doc. #25), and plaintiff filed a reply and, in the alternative, a request for leave to amend (doc. #27).

22
23
24

       Also before the court is defendant's motion to strike (doc. #28) plaintiff's request for leave to amend, or in the alternative, for leave to file a sur-reply. Plaintiff filed an opposition. (Doc. #29). Defendant's reply is due May 12, 2011.[1]

25
26

       Plaintiff's complaint, originally filed in the Eighth Judicial District Court for the State of

27
28

---

   [1] In light of the court's ruling on plaintiff's request for leave to amend, waiting for defendant's reply would be a waste of time and resources for all parties involved.

**James C. Mahan**
**U.S. District Judge**

1    Nevada, stems from the alleged harassment and discrimination she suffered as a result of being a

2    female homosexual. (Doc. #5). Plaintiff Love was hired as a Culligan service technician in 2008, and

3    was allegedly eventually fired for her gender and sexual orientation, and in retaliation for

4    complaining about her discriminatory treatment. *Id.*

5          Plaintiff alleges in her complaint, that her third and fourth claims, for discrimination and

6    hostile work environment, arise under 42 U.S.C. § 1981. Pursuant to 28 U.S.C. § 1441(a), defendant

7    removed the case to this court on December 08, 2010, on the basis that plaintiff's complaint "asserts

8    violations of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e-2(a), and 42

9    U.S.C. § 1981." (Doc. #1). In the notice of removal, defendant contended that the court has

10   supplemental jurisdiction over plaintiff's state law and common law claims pursuant to 28 U.S.C.

11   § 1367(a). *Id.*

12   **Motion To Dismiss**

13         In the present motion to dismiss (doc. #5), Culligan asks this court to dismiss the third and

14   fourth claims for relief because they are both "predicated in part on alleged violations of Title 42,

15   Section 1981," and such relief is not appropriate in situations where no discrimination occurred due

16   to race or ethnic background. *Johnson v. Riverside Healthcare Sys., LP,* 534 F.3d 1116, 1123 (9th

17   Cir. 2008). Specifically, as plaintiff is claiming discrimination based on her gender and sexual

18   orientation, defendant asserts that her section 1981 claims must fail. *Johnson,* at 1123 (holding that

19   harassment and discrimination on the basis of sexual orientation do not establish a claim under

20   section 1981); *Jones v. S.D. Bechtel, Jr.,* 788 F.2d 571, 574 (9th Cir. 1986) (holding that a plaintiff

21   cannot state a claim for gender discrimination under section 1981).

22         The court agrees with the defendant, and is inclined to dismiss plaintiff's third and fourth

23   claims brought under section 1981. *Johnson*, at 1123; *Jones,* at 571, 574. Plaintiff failed to file an

24   opposition to the motion and instead filed two notices, one voluntarily dismissing the third and

25   fourth claims without prejudice (doc. #18), and a second voluntarily dismissing her fifth claim for

26   declaratory/injunctive relief with prejudice (doc. #19).

27         Nevada Local Rule 7-2 provides in pertinent part that "[t]he failure of an opposing party to

28

James C. Mahan
U.S. District Judge

1  file points and authorities in response to any motion shall constitute a consent to the granting of the

2  motion." However, failure to file an opposition to a motion to dismiss is not cause for automatic

3  dismissal. *See Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995). Before dismissing the action, the

4  district court is required to weigh (1) the public's interest in expeditious resolution; (2) the court's

5  need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of

6  cases on their merits; and (5) the availability of less drastic sanctions." *Id*. (quoting *Henderson v.*

7  *Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)).

8       Here, not only has plaintiff voluntarily dismissed the claims (doc. #118), but the factors set

9  forth above weigh in favor of dismissal. The public's interest in expeditious resolution of litigation,

10 the court's need to manage its docket, and the lack of prejudice weigh in favor of granting the motion

11 to dismiss. Additionally, as the court held above, the present motion to dismiss has merit. Therefore,

12 the court dismisses plaintiff's third and fourth claims.

13 **Motion To Remand**

14      Plaintiff filed her motion to remand (doc. #20) concurrently with her notices of voluntary

15 dismissal (docs. #18 and #19). In the motion, she contends that this court no longer has jurisdiction

16 over the case, and should remand it back to the state court. (Doc. #20). The only remaining claims

17 are for sexual orientation discrimination in violation of NRS 613.330 and state tort claims. As such,

18 plaintiff argues that federal subject matter jurisdiction is lost, and the case should be appropriately

19 remanded to state court.

20      Pursuant to 28 U.S.C. § 1447(c), if at anytime before final judgment it appears that the

21 district court lacks subject matter jurisdiction, the case before it shall be remanded. "[F]ederal courts,

22 as opposed to state trial courts of general jurisdiction, are courts of limited jurisdiction marked out

23 by Congress." *Aldinger v. Howard,* 427 U.S. 1, 15 (1976).

24      To rebut plaintiff's request for remand, the defendant asserts in its opposition (doc. #25) that

25 plaintiff's dismissal notices "are procedurally defective," plaintiff "must obtain leave to amend her

26 complaint pursuant to [Federal Rule of Civil Procedure] 15 or dismiss the action in its entirety," and

27 that the court "could clearly continue to exercise jurisdiction under 28 U.S.C. § 1367(c)."

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    Defendant argues that the voluntary dismissals are procedurally defective because they were

2    brought under Fed. R. Civ. P. 41(a), which "does not allow for piecemeal dismissals," but instead

3    allows dismissal of an *entire* action by filing a notice of dismissal. *Hells Canyon Preservation*

4    *Council v. United States Forest Serv.,* 403 F.3d 683, 687 (9th Cir. 2005). The court agrees with the

5    defendant in this respect, but finds that the procedural deficiency of the notices (docs. #18 and #19)

6    does not bar dismissal of the claims or remand.

7    With regards to the first notice of voluntary dismissal (doc. #18), the court dismisses

8    plaintiff's section 1981 claims (the third and fourth claims) based on defendant's motion (doc. #5),

9    because it has merit and is unopposed, and did so without considering the voluntary dismissal as any

10   more than a notice of non-opposition.[2] In plaintiff's second notice of voluntary dismissal (doc. #19),

11   she is purporting to dismiss her fifth claim for injunctive/declaratory relief. However, as these are

12   not separate substantive claims for relief, but are remedies, the dismissal of these "claims" is

13   unnecessary. *See Stock West, Inc. v. Confederated Tribes of Coville Reservations,* 873 F.2d 1221,

14   1225 (9th Cir. 1989); *See, e.g., In re Wal-Mart Wage & Hour Employment Practices Litig.,* 490 F.

15   Supp. 2d 1091, 1130 (D. Nev. 2007). If remedies related to federal claims remain, but the federal

16   claims themselves do not, the remedies are meaningless. In light of the court's ruling dismissing the

17   third, fourth, and fifth claims, plaintiff need not amend her complaint[3] or dismiss the action in its

18   entirety, as defendant suggests.

19   In the alternative, the defendant asserts that even if plaintiff's federal claims are dismissed,

20   "the [c]ourt would continue to have supplemental jurisdiction over [p]laintiff's Nevada state-law

21   claims pursuant to 28 U.S.C. § 1367(c). *See, e.g., Albingia Versicherungs A.G. v. Schenker Int'l Inc.*,

22   344 F.3d 931, 938-39 (9th Cir. 2003) ("Supplemental jurisdiction is not destroyed by elimination

23

24   _____

25   [2] Defendant stated in its opposition (doc. #25), that "to the extent [p]laintiff's notice of voluntary dismissal of her section 1981 claims is treated as a non-opposition to [d]efendant's [m]otion to [d]ismiss, [d]efendant does not object."

26

27   [3] The court notes that defendant contends that plaintiff "should have moved for leave to amend her" complaint (doc. #25), but then opposes the plaintiff's request for leave to amend her complaint (doc. #27) in its motion to strike (doc. #28) plaintiff's request for leave.

28

James C. Mahan
U.S. District Judge

- 4 -

of the basis for original jurisdiction."); *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).; *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997); *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995); *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 715 (9th Cir. 1990). It argues that plaintiff cannot "compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Sparta*, 159 F.3d at 1213.

As defendant is the party that sought dismissal of the federal claims brought under section 1981 in its motion to dismiss (doc. #5), the court is not inclined to hold that plaintiff is attempting to amend her complaint to warrant remand. To the contrary, the court agrees with plaintiff that remand is proper in these circumstances. It is within the court's discretion whether  to retain supplemental jurisdiction over the state law claims. *See French v. Greenpoint Mortg. Funding, Inc.*, 2010 U.S. Dist. LEXIS 22847 (N.D. Cal. Feb. 19, 2010); *Albingia Versicherungs A.G.*, 344 F.3d 931, 938. "Pursuant to the supplemental jurisdiction statute, when a district court dismisses on the merits a federal claim over which it had original jurisdiction, it may then decline to exercise supplemental jurisdiction over the remaining state claims, subject to the factors set forth in § 1367(c)(1)-(4)." *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 806 (9th Cir.2001).

Under § 1367(c)(1)-(4), the district court may decline to exercise supplemental jurisdiction over a claim if "(1) the claim raises a novel or complex issue of [s]tate law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Here, the first three factors support remanding the case. As discussed herein, the court dismisses all of the federal claims which gave it original jurisdiction. In addition to the state tort claims, plaintiff's remaining claim of sexual orientation discrimination falls under NRS 613.330, a state statute, and there is no federal authority that provides a remedy for such a claim. Therefore, the state claims clearly predominate plaintiff's action.

The court is not inclined to rule that the sexual orientation issue is "novel" or "complex," as

James C. Mahan
U.S. District Judge

- 5 -

it hears similar discrimination cases based on race, but in light of the fact that there is no federal law governing the issue, it would be more appropriately heard before, and decided by, a state court. To decline supplemental jurisdiction under section 1367(c), as evidenced by the "or," only one of the factors need be met. Here, three of the four are satisfied, and no "exceptional circumstances" are required.

In addition to the factors discussed above, the court also considers several other factors in determining whether to retain jurisdiction, including; (1) judicial economy, (2) convenience, (3) fairness, and (4) comity. *Millar v. Bart Dist.,* 236 F. Supp. 2d. 1110, 1119 (N.D. Cal. 2002). In the present case, these factors support remand.

Judicial economy is not an issue, because as plaintiff has asserted, "[d]efendant has yet to file an answer in this case, and the [c]ourt has not been required to undertake any substantive legal analysis as to the merits of [p]laintiff's claims that would have to be duplicated at the [s]tate court level." Further, as no discovery has taken place, and the case is in its "early stages," the court is not inclined to retain jurisdiction. *Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (U.S. 1988) (holding that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction.")

With regards to the second factor, the court has not been informed of any legitimate reasons why federal court would be any less or more convenient than state court, or how it would be unfair to defendant to remand. Further, it was defendant who made the decision to remove the action to federal court,[4] and it was defendant who, after removal, moved to dismiss the third and fourth claims under section 1981, warranting remand. Therefore, it cannot be said that remand would be unfair to defendant in any manner.

Lastly, as previously discussed, since federal law does not recognize a claim for discrimination based on sexual orientation, and it is strictly a state law claim under NRS 613.330,

---

[4] *Baddie v. Berkley Farms,* 64 F.3d 487, 491 (9th Cir. 1995) (holding that the defendant has the choice of whether to remove a case with federal claims, and the plaintiff then has the choice of whether to drop her federal claims or remain in federal court.).

1  the factor of comity supports remanding the case. Thus, the court is inclined to remand the case back

2  to state court.

3  **Plaintiff's Request For Leave to Amend**

4      In plaintiff's reply (doc. #27), she asks this court for leave to amend her complaint pursuant

5  to Federal Rule of Civil Procedure 15, whereby she would omit her federal claims for relief. Under

6  rule 15, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15. Since the court

7  dismisses plaintiff's federal claims as discussed above, the request for leave to amend is unnecessary

8  and therefore moot.

9  **Defendant's Motion To Strike**

10      Despite arguing that the plaintiff should have made a motion to amend her complaint in its

11  opposition (doc. #25), defendant filed a motion to strike plaintiff's request for leave to amend, or in

12  the alternative, for leave to file a sur-reply (doc. #28). The plaintiff has filed an opposition (doc.

13  #29), and any reply by the defendant is due May 12, 2011. However, as the court denies the request

14  for leave to amend (doc. #27) as moot, the motion to strike (doc. #28) the request is also moot. In

15  light of this, requiring defendant to file a reply would be superfluous. In the interest of judicial

16  economy, the court denies the motion to strike (doc. #28) as moot without considering any reply

17  from the defendant.

18      Accordingly,

19      IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Culligan Water

20  Company of Nevada Inc.'s motion to dismiss plaintiff's claims under 42 U.S.C. § 1981 (doc. #5) be,

21  and the same hereby is, GRANTED.

22      IT IS FURTHER ORDERED that plaintiff Crystal Love's motion to remand (doc. #20) be,

23  and the same hereby is, GRANTED.

24      IT IS THEREFORE ORDERED that the case of *Love v. Culligan Water Company of Nevada,*

25  *Inc.* (Case No. 2:10-cv-02129-JCM -PAL) be, and the same hereby is, REMANDED to state court

26  for all further proceedings.

27      IT IS THEREFORE ORDERED that plaintiff's request for leave to amend her complaint

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1  (doc. #27) be, and the same hereby is, DENIED as moot.

2        IT IS THEREFORE ORDERED that defendant's motion to strike plaintiff's request for leave

3  to amend (doc. #28) be, and the same hereby is, DENIED as moot.

4        DATED May 16, 2011.

5

6

_____

7  UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**